UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00189-GNS

EMW WOMEN'S SURGICAL CENTER, P.S.C.,
on behalf of itself, its staff, and its patients; and
ERNEST MARSHALL, M.D.,
on behalf of himself and his patients PLAINTIFFS

v.

VICKIE YATES BROWN GLISSON,
in her official capacity as Secretary of
Kentucky's Cabinet for Health and Family Services DEFENDANT

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (DN 3). Under Fed. R. Civ. P. 65, a court may grant a temporary restraining order *ex parte*. In relevant part, that rule provides:

> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) *Contents; Expiration*. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days . . . .

Fed. R. Civ. P. 65(b)(1)-(2).

In determining whether to grant a temporary restraining order, the Court must consider the following factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (internal quotation marks omitted) (citation omitted). As indicated above, if a temporary restraining order is to be issued *ex parte*, the threatened harm must be immediate, as well as irreparable. Fed. R. Civ. P. 65(b)(1)(A). Having reviewed the motion and being otherwise sufficiently advised, the Court hereby finds as follows:

1. Plaintiffs have shown a strong likelihood of success on the merits of their Fourteenth Amendment substantive and procedural due process claims.

2. Plaintiffs have laid out specific facts in their verified complaint showing that the rights of their patients would be immediately and irreparably harmed absent a temporary restraining from this Court. "The fundamental right to privacy contained in the Due Process Clause of the Fourteenth Amendment includes the right to choose to have an abortion, subject to certain limitations." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (citing *Roe v. Wade*, 410 U.S. 113, 153 (1973); *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 869 (1992)). As a result of Defendant's actions, the only clinic providing abortion services in the Commonwealth of Kentucky would be forced to cease operations in a matter of days. *See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987) (affirming the issuance of a preliminary injunction, which is based on the same factors as a temporary restraining order, in a case challenging the validity of an

ordinance regulating abortion clinics because "there [was] potential irreparable injury in the form of a violation of constitutional rights.").

3. The balance of hardships also favors Plaintiffs because a temporary restraining order would preserve the status quo and give the Court the ability to make a meaningful ruling on the merits of this case. *See Kirsch v. Dean*, No. 3:16CV-299-CRS, 2016 WL 6089738, at *1 (W.D. Ky. Oct. 16, 2016) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981)).

4. The entry of a temporary restraining order is in the public interest because the public is interested in the prevention of the potential unconstitutional enforcement of state law.

5. Plaintiffs served a copy of the motion on Assistant Counsel for the Kentucky Cabinet for Health and Family Services; Attorney General's Office of the Commonwealth of Kentucky, and General Counsel's Office for the Governor of Kentucky.

6. This temporary restraining order is being entered without notice to Defendant to preserve the status quo and prevent irreparable harm until such time as the Court may hold a hearing. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124-25 (2d Cir. 1989) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 429 (1974)).

7. In light of the apparent strength of Plaintiffs' case and the strong public interest involved in the issues raised, the Court concludes that requiring security pursuant to Fed. R. Civ. P. 65(c) is not appropriate in this case. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("[T]he rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security." (citations omitted)).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (DN 3) is **GRANTED** as to the temporary restraining order.

2. Defendant Vicky Yates Brown Glisson and all those acting in concert with her are **TEMPORARILY ENJOINED** from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with KRS 216B.0435 and 902 KAR 20:360, Section 10.

3. The requirement of security under Fed. R. Civ. P. 65(c) is waived due to the strong public interest involved.

4. The temporary restraining order will expire **fourteen (14) days** from its entry in accordance with Fed. R. Civ. P. 65(b)(2).

**Greg N. Stivers, Judge**
**United States District Court**
March 31, 2017