UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17CV-00189-GNS

EMW WOMEN'S SURGICAL
CENTER, P.S.C.                                                          PLAINTIFF

and

PLANNED PARENTHOOD OF INDIANA
AND KENTUCKY, INC.                                           INTERVENING PLAINTIFF

VS.

VICKY YATES BROWN GLISSON, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Intervening Plaintiff Planned Parenthood of Indiana and Kentucky, Inc. ("Planned Parenthood") has filed a Motion for Sanctions against Defendant Matthew Bevin ("Governor Bevin") in his official capacity as Governor of Kentucky. (DN 76). Planned Parenthood specifically urges the Court to grant monetary and evidentiary sanctions against Governor Bevin for his conduct relating to the originally scheduled Rule 30(b)(6) deposition of the Governor's Office. (DN 75, at p. 11). Governor Bevin has responded in opposition (DN 132), and Planned Parenthood has filed a reply (DN 142). For the following reasons, Planned Parenthood's Motion is **granted in part and denied in part.**

Background

This case concerns the constitutionality of KRS § 216B.0435, a statute requiring abortion clinics to maintain written "transfer agreements" with a licensed acute care hospital and written

1

"transport agreements" with a licensed ambulance service. EMW Women's Surgical Center P.S.C. of Louisville ("EMW") filed this action on March 29, 2017, against Vicky Yates Brown Glisson ("Glisson") in her official capacity as Secretary of Kentucky's Cabinet for Health and Family Services ("CHFS") alleging that the Cabinet's actions and KRS § 216B.0435 violate the First and Fourteenth Amendments of the United States Constitution. (DN 1, at ¶¶ 56-61). Almost three months later the Court permitted Planned Parenthood to intervene as a plaintiff. (DN 45). Planned Parenthood's intervening complaint added Matthew Bevin as a defendant, in his official capacity as the Governor of Kentucky, and alleges that he "has caused his agents, under his supervision and direction, to obstruct [Planned Parenthood's] Louisville Health Center from providing abortions by any means necessary, including misapplication of the plain language of the challenged statute and regulation." (DN 46, at ¶ 13). The parties agreed to an expedited scheduling order, with a bench trial beginning September 6, 2017. (DN 11).

On August 1, 2017, Planned Parenthood noticed a Rule 30(b)(6) deposition of the Governor's Office to take place on August 18, 2017. (DN 65-1; DN 75, at p. 4). One week before the scheduled Rule 30(b)(6) deposition, the Cabinet emailed Planned Parenthood to indicate the Governor's Office could not agree to the terms of the Rule 30(b)(6) deposition. (DN 76-3). The e-mail stated that if "[Planned Parenthood] seeks a 30(b)(6) deposition on the topics set forth in the draft 30(b)(6) notice, the Governor's Office will seek a protective order from the Court." (*Id.*). Planned Parenthood responded to the e-mail on August 14, explaining that it understood the Rule 30(b)(6) deposition of the Governor's Office was moving forward as planned and that travel for the deposition was already booked. (*Id.* at p. 1). Planned Parenthood went on to ask whether counsel for the Governor was refusing to produce its client for a Rule 30(b)(6) deposition on the

grounds of undue burden. (*Id.*). The next day, Planned Parenthood again e-mailed counsel for the Governor's Office, expressing their concern over the Governor's Office's lack of response and emphasizing once more that travel was booked for the Rule 30(b)(6) deposition on August 18. (DN 76-4). It appears that Planned Parenthood and the Governor's Office attempted to resolve the Rule 30(b)(6) deposition dispute on August 16, during a phone conference. (DN 132, at p. 3). But neither party identifies what conversations occurred during the phone conference or whether Governor Bevin's intent to not produce a Rule 30)(6) witness was communicated. (*Id.* (stating only that "Ms. Wolsing set up a teleconference for the evening of August 16.")).

On the morning of August 17, counsel for Planned Parenthood participated in the depositions of Dr. Tanya Franklin and Dr. Jeanne Bramer in Louisville. (DN 132, at p. 4). Following these depositions, counsel for CHFS and Governor Bevin, Ms. Wolsing, advised Planned Parenthood that it was her understanding that no one would be appearing on behalf of the Governor's Office for the Rule 30(b)(6) deposition the next day. (DN 142, at p. 4). Later that night, the Governor's Office filed a Motion for Protective Order, seeking to limit the scope of the deposition because the notice was unduly burdensome and overly broad or, alternatively, to prevent such deposition. (DN 65). The Governor's Office did not produce a representative or otherwise appear for the Rule 30(b)(6) deposition on August 18.

As a result of these events, Planned Parenthood filed a response opposing Governor Bevin's motion for protective order (DN 75) and a related motion for sanctions for the Governor's Office's failure to appear at the noticed deposition on August 18 (DN 76). During a telephonic conference with the Court on August 29, the parties appeared to resolve their dispute over the scope of the deposition and agreed to reschedule the Rule 30(b)(6) deposition of the Governor's

3

Office for September 1.[1] (DN 88). Planned Parenthood's Motion for Sanctions (DN 75) is now ripe for adjudication.

Analysis

Planned Parenthood seeks monetary and evidentiary sanctions based on Governor Bevin's failure to produce a witness at the originally scheduled Rule 30(b)(6) deposition on August 18, 2017. (DN 76). Planned Parenthood believes it is entitled to travel costs and attorneys' fees for its response to Governor Bevin's motion for protective order and motion for sanctions and to either "default judgment against the Governor" or "a mandatory adverse inference against Governor with respect to the testimony his Rule 30(b)(6) designee would have given had they appeared." (*Id.* at pp. 11-13). Governor Bevin counters that sanctions are not warranted for four reasons: (1) the deposition was not properly noticed; (2) the Governor's Office advised Planned Parenthood a week in advance that it would not produce a deponent; (3) the Governor's Office filed a Motion for Protective Order before the deposition; and (4) Planned Parenthood already incurred travel expenses to be in Louisville on August 18, 2017, for a separate Rule 30(b)(6) deposition of CHFS. (DN 132).

Federal Rule 37(d) sets forth the rule regarding sanctions for failure to appear for a Rule 30(b)(6) deposition. The Court "may, on motion, order sanctions" if "a party or . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). Such a failure to appear for deposition "is

---

[1] Following the rescheduled Rule 30(b)(6) of the Governor's Office on September 1, 2017, Planned Parenthood filed a second motion for sanctions against Governor Bevin, alleging that the witness produced was not prepared to testify regarding the specific topics in the deposition notice, that the witness intentionally destroyed discoverable evidence, and that the witness improperly invoked attorney-client privilege throughout the deposition. (DN 106). This second motion for sanctions will be addressed in a separate opinion.

4

not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id.* at (d)(2). The Court may award sanctions for this conduct, including any type of sanction listed in Rule 37(b)(2)(A)(i)-(vi), and "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at (d)(3).

None of Governor Bevin's justifications for failing to produce a Rule 30(b)(6) designee on August 18 are compelling. First, Governor Bevin alleges that the Rule 30(b)(6) deposition of the Governor's Office was not properly noticed until August 16 and that he promptly filed the Motion for Protective Order one day after receiving such notice. (DN 132, at pp. 5-6). Even though Governor Bevin admits in his response that "[o]n August 1, Planned Parenthood provided finalized Rule 30(b)(6) deposition notices to CHFS and the Governor's Office," he goes on to state that "Ms. Wolsing did not receive this e-mail." (*Id.* at p. 3). To support that Ms. Wolsing never received the deposition notice via e-mail, Governor Bevin cites to an e-mail from August 16, where Ms. Wolsing asked Planned Parenthood to send her "a copy of the Governor's 30(b)(6) notice" because she couldn't locate the document. (DN 132-3).

The Rule 30(b)(6) deposition notice, however, states that on August 1, 2017, a true and correct copy of such notice was sent via e-mail and U.S. Mail to all parties, including Ms. Wolsing and two other attorneys with the Cabinet for Health and Family Services and two attorneys for the Office of the Governor. (DN 65-1, at p. 4). All that is necessary to require attendance of a party at a deposition is "[a] notice for the taking of a deposition sent to all parties[.]" *Farquhar v. Sheldon*,

116 F.R.D. 70, 72 (E.D. Mich. 1987); *see* Wright & Miller, Federal Practice and Procedure: Civil § 2107. Ms. Wolsing's statement that she did not receive the deposition notice by e-mail, therefore, does not establish that the deposition was not properly noticed. Governor Bevin does not allege that Ms. Wolsing did not receive the deposition notice through U.S. Mail. Nor does he allege that the other four attorneys serving as counsel for Defendants did not receive the deposition notice by e-mail or U.S. Mail.[2]

Further, the record demonstrates that the parties began discussing and negotiating the terms of the Rule 30(b)(6) deposition of the Governor's Office in early July. (DN 76, at pp. 3-4, DN 132, at p. 2). Counsel for Defendants were clearly aware of the scheduled Rule 30(b)(6) deposition as evidenced by the ongoing dispute as to the scope of the deposition from early July through August. Specifically, Ms. Wolsing indicated in an e-mail on August 1 that despite its continued objections to the scope, "the Governor's Office will submit to the deposition" and "will provide a 30(b)(6) deponent ready to testify on those topics on August 18, 2017 at CHFS." (DN 132-2, at p. 2). These communications contradict the Governor's argument that its counsel did not have actual notice of the Rule 30(b)(6) deposition. The Governor's Office's failure to appear at the Rule 30(b)(6) deposition on August 18, 2017, is not justified on this basis.

Second, Governor Bevin states that sanctions are inappropriate because the Governor's Office advised Planned Parenthood a week prior to the scheduled deposition that it would not produce a deponent and would be moving for a protective order. (DN 132, at pp. 1, 5-6). It is true

---

2 Governor Bevin's response specifically highlights that "all defense attorneys in this matter represented both defendants. Despite, their titles as Governor's counsel, Steve Pitt and Chad Meredith regularly represented CHFS in the matters leading up to this litigation. Similarly despite their positions at CHFS, Catherine York and Jennifer Wolsing participated in all but four of the numerous depositions in this matter as counsel for both CHFS and the Governor's Office." (DN 132, at p. 5 n. 2). As such, all of these attorneys should have received the notice of the Rule 30(b)(6) deposition of the Governor's Office by e-mail and U.S. Mail on August 1, 2017, and Governor Bevin does not argue otherwise in his response.

that Ms. Wolsing e-mailed Planned Parenthood on August 11, 2017, stating that "the Governor's Office has concluded that it cannot agree to the terms of the 30(b)(6) deposition as set forth in [Planned Parenthood's] e-mail from August 2" and "[i]f PPINK seeks 30(b)(6) deposition on the topics set forth in the draft 30(b)(6) notice, the Governor's Office will seek a protective order from the Court." (DN 132-3, at pp. 3-4). But this e-mail cannot be considered an unequivocal declaration that the Governor's Office would not produce a witness for the deposition.

In fact, Planned Parenthood responded to Ms. Wolsing's e-mail asking specifically whether the Governor's Office was refusing to produce its client for the deposition on August 18, 2017, and indicating it understood the deposition to be moving forward since travel was already booked. (*Id.* at p. 2). Planned Parenthood again e-mailed Ms. Wolsing on August 15, 2017, stating "[w]e are deeply troubled by your refusal to timely respond to our multiple attempts to reach an expedient resolution of pending discovery issues" and emphasizing that travel was already booked for the August 18, 2017 deposition and "[w]e expect both of your client's designees to be there, and to be fully prepared." (*Id.* at pp. 1-2). Ms. Wolsing's only response to these e-mails suggested the parties conference telephonically on the issue. (*Id.* at p. 1). Beyond these e-mails, it is unclear whether a conference actually occurred and, if it did occur, whether it justified the non-appearance of a witness for the Governor's Office for the originally scheduled deposition.

Governor Bevin's third justification, that a protective order was filed the day before the deposition, is likewise not persuasive. On August 17, 2017, the day before the deposition, two events occurred. First, Ms. Wolsing advised Planned Parenthood that "it was her understanding at that time that no one [from the Governor's Office] would appear" at the deposition. Secondly, at 5:42 PM, Governor Bevin filed a motion for protective order to limit the scope of the deposition, or

7

alternatively, to prevent the deposition altogether. These attempts at preventing the deposition on the day/night before it was scheduled to take place are "too little, too late," given that Planned Parenthood's counsel had already traveled to Louisville, Kentucky for the depositions. The Governor's objections to the Rule 30(b)(6) deposition at the eleventh hour, therefore, did not excuse his obligation to produce a deponent for the properly noticed deposition. *See In re Johnson*, 408 B.R. 127, 130-31 (S.D. Ohio 2009) (holding that motion for protective order filed shortly before scheduled deposition was not sufficient justification for failure to appear at deposition) (citing *In re Hollar*, 184 B.R. 243 (M.D.N.C. 1995) (a "last minute purported motion for a protective order is not a mitigating factor" for failing to appear at deposition)). The Governor's Office's unresponsiveness to Planned Parenthood leading up to the scheduled deposition and delayed attempt at preventing the deposition through a protective order weigh in favor of granting Planned Parenthood's request for sanctions.[3]

Lastly, Governor Bevin claims that because counsel for Planned Parenthood already incurred travel expenses to be in Louisville, Kentucky, on August 18, 2017, for a separate Rule 30(b)(6) deposition of the Cabinet of Health and Family Services, awarding monetary sanctions would "unnecessarily compensate Planned Parenthood." (*Id.* at pp. 6-7). But Planned Parenthood scheduled the Rule 30(b)(6) deposition of CHFS and the Rule 30(b)(6) deposition of the Governor's Office for the same day so that counsel could avoid traveling to Louisville on multiple occasions. The Governor's Office's failure to appear at the noticed deposition on August 18, 2017, and the subsequent rescheduling of the deposition for September 1, 2017, required Planned Parenthood's counsel to return to Louisville, Kentucky, a second time. Additionally, Planned

---

3 The Court also notes that the Governor's Office's lack of communication leading up to the Rule 30(b)(6) deposition is especially egregious in light of the circumstances of the case with a rapidly approaching bench trial to take place less than three weeks after the deposition was originally scheduled.

Parenthood explains in its reply that if only the CHFS deposition had been scheduled for August 18, 2017, local counsel would have taken the deposition. (DN 142, at p. 8). Thus, regardless of the fact that counsel for Planned Parenthood had another deposition scheduled on August 18, 2017, the Governor's Office's actions caused Planned Parenthood to incur additional costs to return for the rescheduled Rule 30(b)(6) deposition of the Governor's Office.

Conclusion

As a result of Governor Bevin's untimely objection to the Rule 30(b)(6) deposition and failure to clearly communicate the intent to not appear, the Court finds the circumstances warrant an award of sanctions under Rule 37(d). Because the main repercussion of Governor Bevin's actions are monetary in nature, the Court concludes that Planned Parenthood is entitled to actual travel expenses incurred in appearing for the previously scheduled deposition and attorneys' fees incurred in filing the instant motion for sanctions and reply brief. Evidentiary sanctions, on the other hand, are not warranted for the Governor's Office's failure to appear at the August 18 deposition since the parties were able to resolve their disagreement as to the scope of the Rule 30(b)(6) deposition and the rescheduled deposition took place on September 1.[4]

---

[4] Again, the Court recognizes that Planned Parenthood has filed a second motion for sanctions relating to the rescheduled Rule 30(b)(6) deposition on September 1, 2017, (DN 106) that will be adjudicated in a separate opinion.

ORDER

**IT IS THEREFORE ORDERED** that Planned Parenthood's Motion for Sanctions (DN 76) is **granted in part and denied in part.** The Governor's Office is **ordered to reimburse** Planned Parenthood for actual travel expenses incurred in appearing for the previously scheduled deposition and Planned Parenthood's reasonable attorneys' fees incurred in filing the instant motion for sanctions and reply brief. Planned Parenthood is **ordered** to submit a detailed bill of costs in that regard by **November 21, 2017.**


Copies:	Counsel of Record