UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00189-GNS

EMW WOMEN'S SURGICAL CENTER,
P.S.C., on behalf of itself, its staff, and its
patients; and ERNEST MARSHALL, M.D.,
on behalf of himself and his patients          PLAINTIFFS

and

PLANNED PARENTHOOD
OF INDIANA AND KENTUCKY, INC.                  INTERVENOR-PLAINTIFF

v.

VICKIE YATES BROWN GLISSON,
in her official capacity as Secretary of the
Cabinet for Health and Family Services; and
MATTHEW BEVIN, in his official capacity
as Governor of Kentucky                        DEFENDANTS

## ORDER

This matter is before the Court on Defendants' Motions to Stay (DN 176, 181). The motions are ripe for adjudication.

On September 28, 2018, the Court issued its Findings of Fact, Conclusions of Law, and Order in which the Court concluded that KRS 216B.0435 and the transfer and transport agreement requirements in 902 KAR 20:360 Section violated the federal substantive due process rights of Plaintiffs EMW Women's Surgical Center, P.S.C. and Ernest Marshall, M.D. (collectively "EMW Plaintiffs") and Intervenor-Plaintiff Planned Parenthood of Indiana and Kentucky, Inc. ("Planned Parenthood"). (Findings Fact, Conclusions Law, & Order 59, DN 168). On that same date, the Court issued a Memorandum Opinion and Order awarding

1

attorneys' fees and costs against Defendants as discovery sanctions. (Mem. Op. & Order, DN 169).

## DISCUSSION

### A. Defendants' Motion to Stay (DN 176)

Defendants move to stay EMW Plaintiff and Planned Parenthood's Motions for Awards of Attorneys' Fees and Costs. (Defs.' Mot. Stay 1, DN 176). Alternatively, Defendants request either the denial of the motions without prejudice or an extension of time to respond. (Defs.' Mot. Stay 1-5, DN 176).

As the prevailing parties in an action under 42 U.S.C. § 1983, EMW Plaintiffs and Planned Parenthood are entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Under Fed. R. Civ. P. 54, the court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under [Rule 54](d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 advisory comm. notes to 1993 amendments. Likewise, as a sister court has noted, "[t]here is no reason to render a decision on fees when key elements of the fee calculus—including which party is the prevailing party and whether the case is exceptional—will be informed by the appellate outcome." *Auto. Techs. Int'l, Inc. v. Delphi Corp.*, No. 08-11048, 2011 WL 13209069, at *3 (E.D. Mich. June 16, 2011).

In this case, the Court believes that it is in the interest of judicial economy to defer ruling on the motions for attorneys' fees and costs until the resolution of the pending appeal. Accordingly, the Court will stay those motions.

  **B.**  **Defendants' Motion to Stay (DN 181)**

  Defendants also move to stay enforcement of Memorandum Opinion and Order in which the Court ordered them to pay $19,395.00 in attorneys' fees and $1,745.25 in costs to Planned Parenthood as a discovery sanction. (Defs.' Mot. Stay 1, DN 181). As grounds for the motion, Defendants reiterated their objection to the award but indicated that they were seeking a supersedeas bond to stay the enforcement of the award. (Defs.' Mot. Stay 1-2, 181). Because Defendants subsequently filed a supersedeas bond, this motion will be denied as moot. (Notice Filing Supersedeas Bond, DN 182).

## CONCLUSION

  Accordingly, **IT IS HEREBY ORDERED** as follows:

  1.  Defendants' Motion to Stay (DN 176) is **GRANTED**, and Plaintiffs' Motion for Attorneys' Fees and Costs (DN 171) and Intervenor-Plaintiff's Motion for Attorneys' Fees and Costs (DN 173) are **ADMINISTRATIVELY REMANDED** to be reinstated following the resolution of the pending appeal.

  2.  Defendant's Motion to Stay (DN 181) is **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

July 2, 2019

cc:  counsel of record