UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-189-GNS
*Electronically Filed*

EMW WOMEN'S SURGICAL CENTER, P.S.C.  PLAINTIFF,

and

PLANNED PARENTHOOD OF INDIANA
AND KENTUCKY, INC.  INTERVENING PLAINTIFF,

v.

ADAM MEIER, et al.,  DEFENDANTS.

## NOTICE OF DENIAL OF PLANNED PARENTHOOD'S APPLICATION FOR LICENSE TO OPERATE AN ABORTION FACILITY

The Kentucky Cabinet for Health and Family Services hereby provides notice that it has denied Planned Parenthood's second application for a license to operate an abortion facility, which was filed with the Cabinet on July 3, 2019.[1] Planned Parenthood filed its application on July 3, 2019, and the Cabinet received additional necessary information for processing the application on August 6, 2019. The Cabinet has denied Planned Parenthood's second application for the reasons stated in the letter attached to this Notice as Exhibit A. [*See* Ex. A, Aug. 16, 2019 Ltr. to Jessica Carpenter]. The basis for the denial is unrelated to the statute and regulation at

---

[1] Planned Parenthood's first application was denied via an administrative order issued by the Cabinet in 2017, and Planned Parenthood did not exercise its right to appeal that decision to the Kentucky state courts. Thus, the denial became final.

issue in this action and therefore outside the scope of the permanent injunction issued in the Court's final Judgment. [*See id.*].

The Cabinet files this Notice in response to the Court's Order of June 25, 2019. [Doc. 195]. If Planned Parenthood objects to the Cabinet's decision or seeks judicial involvement in the licensing process, its remedy is to pursue the administrative and judicial appellate process provided to it by Kentucky law. *See* Ky. Rev. Stat. § 216B.105 (administrative hearing process); Ky. Rev. Stat. § 13B.140 (appeal to state trial court); Ky. Rev. Stat. § 13B.160 (appeal to state Court of Appeals). Specifically, it has the right under state law to request a hearing with the Cabinet, and—if it remains unsatisfied—to appeal the ultimate result of the hearing to the appropriate state court. *See* Ky. Rev. Stat. § 216B.105; Ky. Rev. Stat. § 13B.140; Ky. Rev. Stat. § 13B.160. Respectfully, this Court has no jurisdiction over the state licensing process. *See, e.g., Berry v. Allen*, 411 F.2d 1142, 1145 (6th Cir. 1969).

Respectfully submitted,

/s/ M. Stephen Pitt
M. Stephen Pitt
S. Chad Meredith
Matthew F. Kuhn
Brett R. Nolan
Office of the Governor
700 Capitol Ave., Suite 101
Frankfort, KY 40601
Steve.Pitt@ky.gov
Chad.Meredith@ky.gov
Matt.Kuhn@ky.gov
Brett.Nolan@ky.gov
(502) 564-2611

Catherine York
Jennifer Wolsing
Cabinet for Health and Family Services
275 E. Main St., 5W-B
Frankfort, KY 40621
(502) 564-7905
Catherine.York@ky.gov
Jennifer.Wolsing@ky.gov

Counsel for Defendants

**<u>Certificate of Service</u>**

I certify that on August 16, 2019, a copy of the foregoing was served electronically on all parties of record via the CM/ECF electronic filing system.

<u>/s/ M. Stephen Pitt</u>