# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., on behalf of itself, its staff, and its patients; and ERNEST MARSHALL, M.D., on behalf of himself and his patients, *PLAINTIFFS,* <br><br> and <br><br> PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, INC., on behalf of itself, its staff, and its patients, *INTERVENOR-PLAINTIFFS,* <br><br> V. <br><br> ANDY BESHEAR, Governor of Kentucky, in his official capacity; ERIC FRIEDLANDER, Secretary for the Cabinet for Health and Family Services, in his official capacity, *DEFENDANTS,* <br><br> and <br><br> DANIEL J. CAMERON, Attorney General of the Commonwealth of Kentucky, *INTERVENOR-DEFENDANT* | Civil Action No. 3:17-cv-189-GNS |

---

### STATUS BRIEF: DEFENDANT ERIC FRIEDLANDER, IN HIS CAPACITY AS SECRETARY FOR THE CABINET FOR HEALTH AND FAMILY SERVICES

---

Comes now the Defendant, Eric Friedlander, in his capacity as Secretary for the Cabinet for Health and Family Services, and pursuant to this Court's Order, DN 216, states as follows, regarding the status of the matters currently pending herein:

## INTRODUCTION

Secretary Friedlander, in his capacity as Secretary for the Cabinet for Health and Family Services (hereinafter, "the Cabinet"), does not believe a third restatement of the facts of this case is necessary, as they are well known to all involved. Furthermore, both the Plaintiffs/Intervenor-Plaintiffs and the Intervenor-Defendant have addressed them in their respective briefs, at length, so the Cabinet will simply mention those points which are relevant to its position herein.

Considering the fact that the case of *Dobbs v Jackson Women's Health Organization* (19-1392) is currently pending before the United States Supreme Court, as well as the substantive legal changes which have already transpired during the pendency of this case, judicial economy favors abeyance until such time as a decision is rendered in the *Dobbs* matter.

As to the request for some sort of "monitoring protocol" of the Cabinet's implementation of 902 KAR 20:360(10), the Cabinet restates the previously-stated position that it began implementation of the regulation in January, 2021, when the injunction was lifted and continues to do so. At this time, both Plaintiffs have applied for and have been granted waivers pursuant to the regulation. In regard to the request for monitoring the Cabinet will comply with any orders of the Court regarding monitoring of its implementation of the regulation. .

## ARGUMENT

As stated above it is the position of the Cabinet that this matter should be held in abeyance until the Supreme Court rules on the *Dobbs v. Jackson Women's Health Organization* (19-1392) case. As for the regulation in question in this case, the regulation is currently being implemented by the Cabinet and we will comply with any orders of the Court for regular updates or status reports regarding this continued implementation.

The Intervenor-Defendant, Kentucky Attorney General Daniel J. Cameron (hereinafter, "Cameron") argues that the issues pending before this Court are strictly questions of law, well-settled and undisputed, demanding that the Court look no further than to the "law-of-the-case" doctrine. He denies that there are any variables, unknowns, or matters "in flux," which would prohibit the Court from ruling on the remaining issues herein, and believes that summary judgment is not only appropriate, but inevitable. The Plaintiffs, EMW Women's Surgical Center, P.S.C. and Dr. Ernest Marshall, and Intervenor-Plaintiffs, Planned Parenthood Great Northwest, Hawaii Alaska, Indiana, Kentucky, Inc. (hereinafter collectively, "EMW/Planned Parenthood") of course disagree.

Plaintiffs argue that *Dobbs v. Jackson Women's Health Organization* (19-1392) could completely rewrite the narrative of women's reproductive health in the United States; the Supreme Court is expected to render its decision in that case as early as next June. Plaintiffs assert that this Court should hold a final decision in abeyance until July 2022, after the *Dobbs* decision is issued. Attorney General Cameron argues against waiting for a decision in *Dobbs*, not because he does not think it could alter the law, or because it might impact Plaintiffs' case here, but apparently <u>now</u> out of concern for the financial ramifications of waiting, i.e., increased fees and costs to be assessed. This concern can hardly be a persuasive argument against "getting it right," and with the potential decision in *Dobbs*, coming to the right decision warrants abeyance.

Furthermore, the Attorney General's argument that the law relative to these issues is and has been clear and well-established is not accurate. Between the initial ruling regarding the constitutionality of KRS 216B.0435 and 902 KAR 20:360, section 10, and the Sixth Circuit's remand herein – less than one (1) year ago – *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020) changed the controlling burden-standard established in 2016 by *Whole Woman's*

*Health v. Hellerstedt*, 136 S. Ct. 2292. Further, in February 2021, the Attorney General was given concurrent, independent enforcement authority over all of Kentucky's abortion laws. These changes in the law exist and have created new or potential controversies that weigh in favor of an abeyance.

## CONCLUSION

WHEREFORE, the Cabinet would respectfully submit that the remaining matters herein, such as are addressed by Cameron's <u>Motion for Summary Judgment</u>, be held in abeyance, pending a decision by the United States Supreme Court in *Dobbs v. Jackson Women's Health Organization*, (anticipated June 2022 ).

Respectfully submitted,

*/s/ Wesley W. Duke*
Wesley W. Duke
*General Counsel*
CABINET FOR HEALTH AND FAMILY SERVICES
COMMONWEALTH OF KENTUCKY
275 E. Main St. 5W-B
Frankfort, KY 40621
WesleyW.Duke@ky.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2021, I electronically filed the foregoing using the ECF system, which will send notification to all counsel of record.

*/s/ Wesley W. Duke*