UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
Louisville Division
*Electronically filed*

| | |
|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., on behalf of itself, its staff, and its patients; Ernest Marshall, M.D., on behalf of himself and his patients<br><br>and<br><br>PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC.<br><br>    *Plaintiffs*<br><br>v.<br><br>ERIC FRIEDLANDER, in his official capacity as Secretary of Kentucky's Cabinet for Health and Family Services; and ANDREW G. BESHEAR, in his official capacity as Governor of Kentucky<br><br>    *Defendants*<br><br>and<br><br>DANIEL J. CAMERON, Attorney General of the Commonwealth of Kentucky<br><br>    *Intervenor-Defendant* | Civil Action No. 3:17-cv-189-GNS |

**ATTORNEY GENERAL DANIEL CAMERON'S POST-*DOBBS* BRIEF**

*Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), makes it explicitly clear that the Fourteenth Amendment of the federal Constitution does not protect a right to abortion. Because Plaintiffs' two remaining claims rely on the Fourteenth Amendment protecting a right to abortion, both claims now can be easily

and immediately adjudicated. Attorney General Daniel Cameron, therefore, submits that this matter should be dismissed immediately based on *Dobbs*. Alternatively, the Court may order Plaintiffs to respond to the Attorney General's pending Motion for Summary Judgment and then grant his Motion.

## PROCEDURAL HISTORY AND STATUS[1]

Plaintiffs challenged the constitutionality of the transfer and transport agreements required by KRS 216B.0435 and 902 KAR 20:360 § 10. The Sixth Circuit held that the law and regulation are not undue burdens and remanded the case for disposition of the remaining issues. *EMW Women's Surgical Ctr. P.S.C. v. Friedlander*, 978 F.3d 418, 446 (6th Cir. 2020). On remand, only two issues remain for this Court to decide: whether Kentucky's transfer- and transport-agreement requirements violate Plaintiffs' Fourteenth Amendment rights by improperly delegating authority and whether they violate the Fourteenth Amendment's Equal Protection Clause. Plaintiffs brought additional claims, but they were all dismissed with prejudice by this Court because Plaintiffs "failed to address these claims in their pre- and post-trial filings and did not present proof on these claims at trial." Doc. 168, PageID.6855, n. 24. The parties submitted status briefs in July and August of 2021, and Attorney General Cameron filed a Motion for Summary Judgment, which has been held in abeyance. Doc. 229, PageID.7698.

Thereafter, the U.S. Supreme Court decided *Dobbs*. In *Dobbs*, the Supreme Court overruled *Roe* and *Casey*, finding that the federal "Constitution makes no

---

[1] Additional background and discussion of the status of this case in light of the Sixth Circuit's ruling may be found in the Attorney General's prior Status Brief filed 07/31/21. Doc. 223, PageID.7658.

reference to abortion, and no such right is implicitly protected by any constitutional provision, including the one on which the defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the Fourteenth Amendment." 142 S. Ct. at 2242.[2] The Supreme Court also took the opportunity to clarify that the Equal Protection Clause of the Fourteenth Amendment similarly does not protect a right to abortion. *Id*. at 2245–2246. Statutes regulating abortion are thus not owed heightened scrutiny when addressing a claim under that clause. *Id*. The Supreme Court also discussed various state interests that justify regulation of abortion. *Id*. at 2284.

If there was any confusion before, the discussions in *Dobbs* provide this Court with ample guidance for how to address Plaintiffs' Equal Protection claim and improper delegation claim. Both issues are ripe for immediate adjudication.

I.   ***Dobbs* directs that rational basis review applies to Plaintiffs' Equal Protection Claim.**

In their prior status brief, Plaintiffs maintained that strict scrutiny should apply to their Equal Protection claim because they believed the U.S. Constitution recognized the right to abortion as a fundamental right and that "the classification drawn by the challenged law is made on the basis of the gender of the patient served." Doc. 230, PageID.7711, n. 5. But, after the Supreme Court's decision in *Dobbs*, it is clear that neither of those propositions are true.

In *Dobbs*, the Supreme Court directly addressed whether the Fourteenth Amendment's Equal Protection Clause protected a right to abortion on the basis that

---

[2]   With this holding, *Dobbs* would have been dispositive as to Plaintiffs' due process claim, but the Sixth Circuit has already found that the law and regulation do not violate the Due Process Clause, so this is not a remaining issue that this Court needs to address.

3

regulations are imposed only on women. It clarified that "a State's regulation of abortion is not a sex-based classification" that triggers "heightened scrutiny." *Dobbs*, 142 S. Ct. at 2245. "Rather, [regulations of abortion] are governed by the same standard of review as other health and safety measures." *Id*. at 2246. That means they are "entitled to a 'strong presumption of validity,'" *id*. at 2284 (internal citation omitted), and rational basis is the appropriate standard, *id*. at 2283.[3] Accordingly, there no longer can be any confusion as to what standard should be applied to Plaintiffs' Equal Protection challenge; this Court must use rational basis review.

## II. *Dobbs* makes clear that the protection of maternal health and safety advanced by the challenged provisions is a legitimate state interest.

Because a law regulating abortion does not trigger heightened scrutiny, it "must be sustained if there is a rational basis on which the legislature could have thought that it would serve legitimate state interests." *Id*. at 2284.

This Court found earlier that "each of the four types [of] abortion procedures pose some risk of complication" and there are times when it is necessary to transfer a patient from an abortion facility to an emergency room. Doc. 168, PageID.6836. Therefore, it is reasonable for the General Assembly to believe the transfers—and the agreements that facilitate them—help protect maternal health and safety. And according to the Supreme Court in *Dobbs*, "the protection of maternal health and safety" is a legitimate state interest. *Dobbs*, 142 S. Ct. at 2284. The Supreme Court's decision in *Dobbs* affirms the Sixth Circuit's finding that KRS 216B.0435 and 902

---

[3] That rational basis is the appropriate standard is not a novel holding unique to *Dobbs*. *See id*. at 2245 ("Neither *Roe* nor *Casey* saw fit to invoke this theory, and it is squarely foreclosed by [Supreme Court] precedents."). But if there was any confusion, *Dobbs* has dispelled it.

4

KAR 20:360 § 10 "are reasonably related to Kentucky's legitimate state interest in maternal health." *Friedlander*, 978 F.3d at 439 (internal quotations omitted). And because "one could easily see how requiring abortion facilities to have transfer and transport agreements with a local hospital is a 'rational way to correct' [the] problem" of women sometimes needing to be transferred, *id.* (internal citation omitted), the law and regulation do not violate the Equal Protection Clause.

### III. Plaintiffs' improper delegation claim relies on a right to abortion that does not exist post-*Dobbs*.

According to Plaintiffs, the law and regulation "violate Plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution by delegating standardless and unreviewable authority to private parties." Doc. 1, PageID.14; *see also* Doc. 46, PageID.490 (asserting that the requirements allow private entities to deprive Plaintiff of "property and liberty interests in opening an abortion facility and to deprive patients of their privacy and liberty interests in obtaining an abortion"). But, as discussed, *Dobbs* makes clear that the Fourteenth Amendment does not protect any right to have (or to perform) abortions. Therefore, even if the law and regulation improperly delegated authority—which the Attorney General maintains they do not[4]—there would be no violation of Plaintiffs' rights.

## CONCLUSION

The Supreme Court's decision in *Dobbs* makes the outcome of this case clear. Attorney General Cameron is entitled to summary judgment dismissing Plaintiffs' claims with prejudice.

---

[4] *See* Attorney General's Motion for Summary Judgment, Doc. 224, PageID.7674-7679.

Respectfully submitted,

*/s/ Christopher L. Thacker*
Victor B. Maddox (KBA Bar No. 43095)
Carmine G. Iaccarino (KBA Bar No. 93838)
Christopher L. Thacker (KBA Bar No. 91424)
Lindsey R. Keiser (KBA Bar No. 99557)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Carmine.Iaccarino@ky.gov
Christopher.Thacker@ky.gov
Lindsey.Keiser@ky.gov

*Counsel for Attorney General Daniel Cameron*

### CERTIFICATE OF SERVICE

I certify that on November 1, 2022, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

*/s/ Christopher L. Thacker*
*Counsel for Attorney General Daniel Cameron*