UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., on behalf of itself, its staff, and its patients; and ERNEST MARSHALL, M.D., on behalf of himself and his patients, | CASE NO. 3:17-CV-00189-GNS<br><br>*Electronically Filed* |
| Plaintiffs, | |
| and | |
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA AND KENTUCKY, INC., on behalf of itself, its staff, and its patients, | |
| Intervenor-Plaintiff, | |
| ERIC FRIEDLANDER, *et al.*, | |
| Defendants, | |
| and | |
| DANIEL J. CAMERON, | |
| Intervenor-Defendant. | |

PLAINTIFFS AND INTERVENOR-PLAINTIFF'S
RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE

I.      INTRODUCTION

Plaintiffs EMW Women's Surgical Center, P.S.C. ("EMW") and Ernest Marshall, M.D.

("Dr. Marshall") and Intervenor-Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska,

Indiana, and Kentucky, Inc. ("Planned Parenthood") (collectively "Plaintiffs") seek to dismiss

this case without prejudice under Rule 41(a)(2). Given that abortion is currently banned in Kentucky, there is no live case or controversy for purposes of Article III on the constitutionality of Ky. Rev. Stat ("KRS") 216B.0435 and 902 KAR 20:360, § 10's requirement that abortion facilities obtain a written transfer agreement with a hospital and a written transfer agreement with an ambulance company (the "Requirements"). When Plaintiffs filed their respective lawsuits, they did not anticipate that the United States Supreme Court would overturn *Roe v. Wade*, and permit abortion to be banned in Kentucky.

In light of the change in law and circumstances, there is no utility in adjudicating Plaintiffs' claims, which were directed to a set of facts and legal rules that are no longer applicable with abortions banned. Nor does this Court have jurisdiction to do so. Even if this Court found the Requirements were unconstitutional, Plaintiffs would still be unable to provide abortions in Kentucky under the current law. Accordingly, Plaintiffs respectfully request that the Court dismiss this lawsuit without prejudice because there is nothing for Plaintiff to gain (and nothing for Defendant or Intervenor-Defendant to lose) from a decision on the constitutionality of the Requirements.

## II.     BACKGROUND

### A.     Plaintiffs Filed Suit and the Court Entered a Permanent Injunction on One of Plaintiffs' Claims.

On March 29, 2017, EMW filed its complaint for declaratory and injunctive relief, Dkt. 1, and thereafter on June 23, 2017, Planned Parenthood intervened by filing its complaint, Dkt. 46. The lawsuits challenge the statutory and regulatory Requirements that an abortion facility in Kentucky must obtain a written transfer agreement with a hospital and a written transport agreement with an ambulance company. *Id.* During the course of the litigation, Kentucky

2

promulgated an emergency regulation that superseded the regulations challenged in Plaintiffs' complaints. 902 KAR 20:360 § 10. Thereafter, that emergency regulation matured into a duly promulgated regulation that remains in effect today.

After a three-day bench trial, the District Court "grant[ed] judgment in favor of [Plaintiffs]" on their "substantive due process claims." Dkt. 168 at 47, 59. Based on the Court's conclusions that the Kentucky laws violated substantive due process, the Court found it was not necessary to rule on whether those laws violated the Fourteenth Amendment's Equal Protection Clause or constitute an unlawful delegation of authority. *See id.*[1]

Defendants appealed to the Sixth Circuit. In relevant part, the Sixth Circuit reversed the District Court's judgment on the substantive due process claims, vacated the permanent injunction, and remanded the matter to the District Court for further proceedings consistent with its opinion. *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 978 F.3d 418, 448 (6th Cir. 2020). In response, on July 30, 2021, Intervenor-Defendant, Daniel Cameron, the Attorney General of the Commonwealth of Kentucky filed a motion for summary judgment. Dkt. 224. On August 20, 2021, the Court placed the summary judgment motion in abeyance pending further order of the Court after review of the parties' briefing on the status of the case post-remand. Dkt. 229.

---

[1] The Court also deemed waived and dismissed with prejudice EMW's claims for procedural due process (Count II) and First Amendment retaliation (Count IV) and Planned Parenthood's claims for procedural due process (Count III), full faith and credit clause (Count V), and void for vagueness (Count VI). Plaintiffs did not appeal from that ruling, and those claims have already been dismissed.

3

**B.      While This Lawsuit Was Pending, Kentucky Banned Abortions.**

On June 24, 2022, while the Defendants' summary judgment motion was in abeyance, the United States Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), which overruled *Roe v. Wade*, 410 U.S. 113 (1973), and its progeny, and eliminated the fundamental right to abortion under the federal Constitution. When the Supreme Court overturned *Roe*, it triggered a law that banned abortions in Kentucky to take effect. Plaintiffs then brought a lawsuit in the state Circuit Court under the Kentucky Constitution and obtained a temporary injunction against enforcement of the Commonwealth's bans on abortion on July 22, 2022; however, an appeals court stayed the injunction and the Kentucky Supreme Court then accepted jurisdiction.

On October 11, 2022, this Court ordered the parties to "file briefs of no longer than five pages in length within 21 days of this Order" addressing the impact of *Dobbs*. Dkt. 237. Defendants and Plaintiffs filed their respective briefs on November 1, 2022. Dkt. 241, 242. For their part, Plaintiffs asked the Court to continue to hold the case in abeyance pending developments in the ongoing state court case challenging the Kentucky abortion ban discussed above, which was to be argued in the Kentucky Supreme Court in the coming weeks.

On February 16, 2023, the Kentucky Supreme Court ruled that the Plaintiffs lacked third-party standing under Kentucky law to challenge the abortion bans under their patients' rights to privacy and self-determination, and remanded the case (reserving the question of whether the abortion bans violate the Kentucky Constitution). *Cameron v. EMW Women's Surgical Ctr.,*

4

*P.S.C.*, 664 S.W.3d 633 (Ky. 2023).[2] Just recently, on June 22, 2023, the Kentucky Circuit Court dismissed without prejudice Plaintiffs' state court lawsuit because they have not yet found a patient willing to bring suit. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 2022-SC-0326-I, No. 2022-SC-0329-TG (2022). As a result, neither Planned Parenthood nor EMW can provide abortion care in Kentucky under the current laws, and there is no reasonable likelihood that the legal landscape will soon change.

In the meantime, on June 5, 2023, this Court lifted the administrative abeyance and ordered that the Attorney General's pending summary judgment motion, filed in July 2021 (Dkt. 224), needed to be fully briefed before it could be resolved. Dkt. 249. Accordingly, the District Court administratively reinstated the motion and allowed 30 days for a response. *Id.* On July 10, 2023, the District Court extended the deadline for a response to the summary judgment motion to August 4, 2023. Dkt. 251. Plaintiffs now move this court to voluntarily dismiss the case without prejudice.

## III.     ARGUMENT

### A.  The Court Lacks Article III Jurisdiction Over This Action.

The Court should dismiss this action without prejudice because there is no longer a case or controversy for the purpose of Article III. "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citation omitted). Indeed, "the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and

––––––––––––––––––––––––

[2] The Kentucky Supreme Court's decision on third-party standing is irrelevant here both because the high court only decided the issue as a matter of Kentucky law, and because Plaintiffs' remaining claims do not raise the rights of their patients.

concrete disputes, the resolutions of which have direct consequences on the parties involved." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quotations marks and citation omitted). Here, when Plaintiffs filed this lawsuit, abortion—the activity for which Plaintiffs needed a facility license—was legal in Kentucky. But now, unless and until there is a change in Kentucky law, there is no reasonable expectation that Plaintiffs will perform abortions given that abortions are currently banned in the Commonwealth. And without the ability to perform abortions, whether the Requirements violate Plaintiffs' constitutional rights has no practical impact because neither Defendants nor Plaintiffs have a legally cognizable interest in the final determination of the constitutionality of the Requirements.

Under these circumstances, the Court cannot grant any effectual relief because regardless of the outcome of this suit, Plaintiffs are unable to perform abortions in Kentucky under the current law. Accordingly, there is currently no case or controversy for the purpose of Article III and the case should be dismissed. *See, e.g.*, *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) ("a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'"); *Sanchez-Gomez*, 138 S. Ct. at 1537 ("A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III', and is outside the jurisdiction of the federal courts.") (citation omitted); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legal cognizable interest in the outcome") (internal quotation marks and citation omitted); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (mootness arises where it is "impossible for the court to grant any effectual relief … to [the] prevailing party") (internal quotation marks and citation omitted); *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (a controversy is not ripe where the

6

4126-6101-9464.22

law "could not be said to be felt immediately by those subject to it" and "no irremediably adverse consequences flowed from requiring a later legal challenge") (internal quotation marks and citation omitted); *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations marks and citation omitted); *Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.").

Critically, the Sixth Circuit has held on several occasions that dismissal for lack of subject matter jurisdiction should be without prejudice. *See, e.g., Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) ("[A] dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes.") (quoting *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000)); *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)); *Peters v. Fair*, 427 F.3d 1035, 1037–38 (6th Cir. 2005) (holding that an unripe claim "should have been dismissed without prejudice, thereby allowing the plaintiff to reassert this claim, should it become ripe in the future"); *Alltel Tennessee, Inc. v. Tennessee Pub. Serv. Comm'n*, 913 F.2d 305, 307 (6th Cir. 1990) ("because the case was not ready for a judicial determination, we remand with directions to dismiss the case without prejudice"). Indeed, a court's "[j]urisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Attias v. Carefirst, Inc.*, 865 F.3d 620, 624 (D.C. Cir. 2017) (quoting *Steel Co. v. Citizens*

7

*for a Better Env't*, 523 U.S. 83, 94 (1998)). Accordingly, because the Court now lacks subject matter jurisdiction, it should dismiss this action without prejudice.

**B. Dismissal Without Prejudice Is Also Warranted Because Defendants Will Not Suffer Any Legal Prejudice.**

Even setting aside the ordinary rule that dismissals for lack of subject matter jurisdiction are without prejudice, the Court should grant Plaintiffs' motion because doing so will not cause Defendants to suffer any plain legal prejudice. At this stage of the litigation, Fed. R. Civ. P. 41(a)(2) allows for voluntarily dismissal of "an action . . . at the plaintiff's request only by court order, on terms that the court considers proper." A dismissal under Rule 41(a)(2) is without prejudice unless the Court states otherwise. *Id.* "The decision to allow a voluntary dismissal is improper only where a defendant would suffer 'plain legal prejudice' as a result of the dismissal without prejudice." *Chaskin Wells Corp. v. Reily Foods Co.*, No. 3:03 CV 422, 2005 WL 1899390, at *1 (E.D. Tenn. Aug. 9, 2005) (citation omitted).

Whether to grant a motion to dismiss without prejudice is within the Court's informed discretion. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). Although Rule 41(a)(2) is primarily intended to protect defendants, "courts should consider the equities of dismissal as applied to all parties." *Cogent Sols. Grp., LLC v. Brown*, No. 2:12–CV–665, 2013 WL 6116052, at *5 (S.D. Ohio Nov. 20, 2013). The "mere prospect" of a second lawsuit is insufficient to establish "plain legal prejudice." *Green Ballast, Inc. v. Bethell*, No. 13-2601, 2014 WL 12959742, at *3 (W.D. Tenn. Aug. 26, 2014); *Wakefield v. Children's Hosp., Inc.*, No. 2:06–cv–01034–EAS–MRA, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6, 2009) ("[C]ourts have consistently held that 'plain legal prejudice' does not result merely from the prospect of a second lawsuit on identical issues.") (citation omitted).

8

First, the Court should grant the dismissal under Rule 41(a)(2) because the law did not "clearly dictate[ ] a result for the defendant[s]" when Plaintiffs filed this action. *Grover ex rel. Grover v. Eli Lilly & Co.*, No. 93–3520, 33 F.3d 716, 719 (6th Cir. 1994). On the contrary, Plaintiffs prevailed under then-existing law in the district court. But the legal landscape under which Plaintiffs operated when they filed their complaints has now completely changed, as *Dobbs* opened the door for Kentucky to effectively ban abortion in the Commonwealth. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 664 S.W.3d 633 (Ky. 2023). It was not possible for Plaintiffs to have anticipated this sequence of events when they brought this action.

Second, when determining whether "plain legal prejudice" exists, the Sixth Circuit has instructed that the Court should consider four factors: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) whether plaintiffs have offered an "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (quoting *Grover*, 33 F.3d at 718); *see also Cogent*, 2013 WL 6116052, at *5; *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007).

Importantly, "[t]here is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate"; "[t]he *Grover* factors are not an exclusive or mandatory list." *Rosenthal*, 217 F. App'x at 502. Rather, "[t]he factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Id.* (citation omitted); *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017).

Here, all four factors set forth by the Sixth Circuit favor a dismissal without prejudice. First, Defendants have not expended much effort or expense to prepare a defense of the claims

9

currently at issue in this dispute. While it is true that the parties already conduced a three-day bench trial, that trial was focused on Plaintiffs' substantive due process claim under the undue burden standard—a claim that is now entirely foreclosed by *Dobbs*, 142 S. Ct. 2228 (overruling previous undue burden test). As to Plaintiffs' equal protection and nondelegation claims, Defendants have expended very few resources.[3]

Second, Plaintiffs have efficiently and diligently prosecuted their claims and have not delayed in seeking to dismiss this dispute. The Court held this matter and the summary judgment motion in abeyance until it lifted the administrative stay on June 5, 2023. Soon thereafter, on June 22, 2023, the Kentucky Circuit Court dismissed without prejudice Plaintiffs' state court lawsuit challenging Kentucky's abortion bans because they had not found a patient willing to bring suit. That now dismissed case was the only vehicle for potentially restoring abortion access in Kentucky—indeed, Plaintiffs had previously asked this Court to stay this matter while the constitutionality of Kentucky's abortion bans was determined in state court. *See* Dkt. 241. And after that state court lawsuit was dismissed, Plaintiffs promptly filed the instant motion to dismiss this action without prejudice, recognizing that their inability to provide abortions under current law in Kentucky means that this Court now cannot grant any effective remedy.

Third, as explained above, the unforeseeable change in Kentucky law that banned abortions had the effect of eliminating the need to obtain the relief sought by Plaintiffs in their Complaints. Even if Plaintiffs were successful on their claims concerning the constitutionality of the Requirements, under current Kentucky law, Plaintiffs would still be unable to provide

---

[3] While Intervenor-Defendant has claimed that *Dobbs* forecloses Plaintiffs' equal protection and nondelegation claims, *see* Dkt. 242, Plaintiffs disagree that *Dobbs* impacts the viability of those claims, *see* Dkt. 241.

abortions in Kentucky for the foreseeable future. Accordingly, the change in law provides a sufficient explanation for why the Court should grant the Rule 41(a)(2) dismissal without prejudice. *See, e.g., Exigence LLC v. Catlin Underwriting Agency US, Inc.*, No. 4:09CV00915 SWW, 2013 WL 655109, at *1 (E.D. Ark. Feb. 21, 2013) (granting dismissal without prejudice where Arkansas Supreme Court decision rendered action moot and plaintiff sought to preserve right to refile action); *Abraham v. N.Y. Dep't of Educ.*, No. 06–CV–01053 (KAM)(LB), 2011 WL 890749, at *2 (E.D.N.Y. Mar. 11, 2011) (granting plaintiff's motion for dismissal without prejudice based on "relatively recent change" in "evolving area of law"); *Logue v. Nissan N. Am., Inc.*, No. 08–2023–STA/dkv, 2008 WL 2987184, at *6 (W.D. Tenn. July 30, 2008) (granting dismissal without prejudice after Tennessee Supreme Court decision adversely affected plaintiff's ability to pursue class certification).

Fourth, although it is true that Defendants have filed a motion for summary judgment, the pending motion does not reflect the current state of the facts or law. The motion for summary judgment was filed *before* the change in Kentucky law that subsequently forced Plaintiffs to stop performing abortions in Kentucky. Accordingly, Defendants would suffer no harm from a dismissal of this matter without prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court should dismiss EMW and Dr. Marshall's Complaint and Planned Parenthood's Complaint in Intervention without prejudice. Additionally, as set forth in the accompanying motion for an extension of time, Plaintiffs respectfully request that the Court (1) place the Defendants' motion for summary judgment in abeyance until it renders a decision on this Motion to Dismiss; and (2) to the extent the Court denies this Motion,

Plaintiffs request 30 days from the date of the Court's decision to respond to Defendants' motion for summary judgment.

[SIGNATURES ON FOLLOWING PAGE]

12

July 13, 2023

Respectfully submitted,

/s/ Brigitte Amiri (with permission)
BRIGITTE AMIRI

Brigitte Amiri (*Pro Hac Vice*)
Jennifer Dalven (*Pro Hac Vice*)
Ryan Mendias (*Pro Hac Vice*)
**American Civil Liberties Union
Foundation**
125 Broad Street, 18th Floor New York,
New York 10004
(212) 549-2633
bamiri@aclu.org

Donald L. Cox
John D. Cox
**Lynch, Cox, Gilman & Goodman, P.S.C.**
500 W. Jefferson Street, Suite 2100
Louisville, KY 40202

Heather L. Gatnarek
**ACLU of Kentucky Foundation**
325 W. Main Street, Suite 2100
Louisville, KY 40202

*Counsel for Plaintiffs EMW Women's
Surgical Center, P.S.C. and Ernest
Marshall, M.D.*

Respectfully submitted,

.

/s/ Karen G. Johnson-McKewan
KAREN G. JOHNSON-MCKEWAN

Karen G. Johnson-McKewan (*Pro Hac Vice*)
Robert Uriarte (Pro Hac Vice)
**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
kjohnson-mckewan@orrick.com
ruriarte@orrick.com

Jennifer Keighley (*Pro Hac Vice*)
**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506 3767

Carrie Y. Flaxman (*Pro Hac Vice*)
**Planned Parenthood Federation of America**
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
Telephone: (202) 973-4800
carrie.flaxman@ppfa.org

Casey L. Hinkle
Michael Abate
**Kaplan Johnson Abate & Bird**
710 West Main Street
Fourth Floor
Louisville KY 40202
Telephone: (502) 416-1636
Telephone: (502) 416-1634
chinkle@kplouisville.com
mabate@kplouisville.com

*Counsel for Planned Parenthood Great
Northwest, Hawaii, Alaska, Indiana, and
Kentucky, Inc.*

13

## CERTIFICATE OF SERVICE

On July 13, 2023, a true and correct copy of the foregoing document was sent via the Courts

CM/ECF system to:

Wesley W. Duke
Jennifer M. Wolsing
**Cabinet for Health & Family Services**
275 E. Main Street, 5WB
Frankfort, KY 40621
Telephone: (502) 564-7905
Telephone: (502) 564-7042
Wesleyw.Duke@ky.gov
Jennifer.Wolsing@ky.gov


*Counsel for Defendants*

Carmine G. Iaccarino
Christopher L. Thacker
Victor B. Maddox
Lindsey Keiser
**Kentucky Attorney General**
700 Capitol Avenue, Suite 120
Frankfort, KY 40601
Telephone: 502-696-5300
Telephone: 502-696-5336
Telephone: 765-366-9759
carmine.iaccarino@ky.gov
christopher.thacker@ky.gov
victor.maddox@ky.gov
lindsey.keiser@ky.gov


*Counsel for Intervenor-Defendant*


Date: July 13, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP

*/s/ Karen G. Johnson-McKewan*
KAREN G. JOHNSON-MCKEWAN

14

4126-6101-9464.22