UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00189-GNS

EMW WOMEN'S SURGICAL CENTER, P.S.C. et al.                    PLAINTIFFS

v.

ERIC FRIEDLANDER et al.                                       DEFENDANTS

**ORDER**

This matter is before the Court on Intervenor-Defendant's Motion for Summary Judgment (DN 224), Plaintiffs' and Intervenor-Plaintiff's Motion to Dismiss (DN 253), and Plaintiffs' and Intervenor-Plaintiff's Motion to Hold In Abeyance (DN 254).

**A.      Plaintiffs' & Intervenor-Plaintiff's Motion to Dismiss**

Plaintiffs EMW Women's Surgical Center, P.S.C. and Ernest Marshall, M.D. (collectively "Plaintiffs") and Intervenor-Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, and Kentucky, Inc. ("Intervenor-Plaintiff") move to dismiss this matter pursuant to Fed. R. Civ. P. 41(a)(2). (Pls.' & Intervenor-Pl.'s Mot. Dismiss 1-11, DN 253). Intervenor-Defendant Daniel Cameron ("Cameron") opposes the motion. (Intervenor-Def.'s Combined Resp. Pls.' & Intervenor-Pl.'s Mot. Dismiss & Mot. Hold Abeyance 4-12, DN 255 [hereinafter Intervenor-Def.'s Combined Resp.]). In particular, the parties dispute: (i) whether the issues in this matter have become moot; and (ii) if the case were dismissed as moot, whether the dismissal should be with or without prejudice.

**1.      *Mootness***

Before addressing any other issue raised by the parties, the Court must first consider whether this matter has become moot—even at this stage of litigation. *See Witzke v. Brewer*, 849 F.3d 338, 340 (6th Cir. 2017) ("[A]n actual controversy must be extant at all stages of review, not

1

merely at the time the complaint is filed." (alteration in original) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997))). As the Sixth Circuit has stated:

> "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). . . . "'[A] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.'" *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001)). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."

*Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)). "The 'heavy burden of demonstrating mootness' lies with the party claiming that the case is moot." *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 384 (6th Cir. 2014) (quoting *Cleveland Branch, NAACP*, 263 F.3d at 530-31).

In the Verified Complaint, Plaintiffs requested a declaratory judgment addressing the constitutionality of the challenged Kentucky laws. (Verified Compl. ¶ 11, DN 1). The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). As the Sixth Circuit has stated, "declaratory judgment actions often require courts to face the difficult task of distinguishing 'between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies.'" *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1343-44 (6th Cir. 1996)). In making that determination, the Supreme Court has instructed courts to consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). To satisfy the substantial controversy requirement, "the dispute 'must be definite and concrete' and must allow for 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.'" *TCI/TKR Cable v. Johnson*, 30 F. App'x 581, 583 (6th Cir. 2002) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-41 (1937)).

When Plaintiffs filed this action in 2017, abortion was legal across the United States based on the Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113 (1973), and its progeny. Following a three-day bench trial, this Court struck down and permanently enjoined enforcement of KRS 216B.0435 and 902 KAR 20:360 Section 10. (Findings Fact, Conclusions Law, & Order 59-60, DN 168; J. & Permanent Inj. 1-2, DN 170).

During the pendency of the appeal of that decision, the Kentucky General Assembly enacted KRS 311.772 during its 2019 session. *See* Human Life Protection Act, 2019 Ky. Acts ch. 152, § 1 (2019) (codified at KRS 311.772). Section 1 of this law, which has been referred as the "trigger ban," generally outlaw abortions in Kentucky following the U.S. Supreme Court's later decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022). *See* KRS 311.772. In particular, that statute provides that the trigger ban:

> shall become effective immediately upon, and to the extent permitted, by the occurrence of any of the following circumstances: (a) Any decision of the United States Supreme Court which reverses, in whole or in part, *Roe v. Wade*, 410 U.S. 113 (1973), thereby restoring to the Commonwealth of Kentucky the authority to prohibit abortion . . . ."

KRS 311.772(2)(a).

Following the Supreme Court's decision in *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020), the Sixth Circuit reversed this Court's decision and remanded the matter for further proceedings. *See EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 448 (6th Cir. 2020). Then, in 2022, the Supreme Court overruled *Roe* and its progeny in *Dobbs*, which effectively abrogated the Sixth Circuit's decision in this case. As a result of KRS 311.772 and the *Dobbs* decision, abortions are generally banned in Kentucky, and Plaintiffs and Intervenor-Plaintiff no longer seek to challenge KRS 216B.0435 and 902 KAR 20:360 Section 10. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 664 S.W.3d 633, 641-42 (Ky. 2023); (Pls.' & Intervenor-Pl.'s Mot. Dismiss 2).

Whether the present dispute is now moot turns on the scope of the Kentucky's trigger ban and how that ban impacts Plaintiffs. As the Kentucky Supreme Court has explained:

> The trigger ban contains two exceptions. The first is if a licensed physician, in his or her reasonable medical judgment, deems an abortion necessary to "prevent the death or substantial risk of death due to a physical condition, or to prevent the serious, permanent impairment of a life-sustaining organ of a pregnant woman." However, the physician is mandated to make "reasonable medical efforts under the circumstances to preserve both the life of the mother and the life of the unborn human being in a manner consistent with reasonable medical practice[.]" The second exception is if medical treatment rendered by a licensed physician "results in the accidental or unintentional injury or death to the unborn human being."

*Id*. at 641 (alteration in original) (internal citations omitted) (citation omitted).

Cameron contends that Plaintiffs could still perform emergency abortions and are therefore still subject to the challenged laws. (Intervenor-Def.'s Combined Resp. 8-9). As Plaintiffs and Intervenor-Plaintiff note regarding those exceptions, however:

> Plaintiffs do not provide abortions falling within the exceedingly narrow medical emergency exception currently authorized by Kentucky law; instead, these abortions are performed in a hospital. . . . Plaintiffs cannot perform abortions in Kentucky under the current law, and there is no reasonable likelihood that they will be able to begin resuming performing abortions anytime soon . . . .

4

(Pls.' & Intervenor-Pl.'s Reply Mot. Dismiss 2, DN 258). Based on the current posture of the case, any relief this Court could grant Plaintiffs and Intervenor-Plaintiff would not change the fact that Plaintiffs cannot and do not currently perform abortions in Kentucky as a result of the present status of abortion jurisprudence. Accordingly, Plaintiffs and Intervenor-Plaintiffs have met their heavy burden, and there does not appear to be an actual controversy warranting a declaratory judgment in their favor.[1] This Court lacks jurisdiction over this matter, and the case must be dismissed.

### 2. *Prejudice*

Cameron asserts that any dismissal must be with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Intervenor-Def.'s Combined Resp. 9-12). In relevant part, Fed. R. Civ. P. 41 provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "With appropriate explanation, a district court is free to exercise its discretion to dismiss with or without prejudice and to determine the terms of its dismissal." *Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 361 (6th Cir. 2021) (citing *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

---

[1] No party has argued the Court still has jurisdiction over this controversy because it is capable of repetition, yet evading review. This exception "applies where '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *United States v. Smart*, 406 F. App'x 14, 18 (6th Cir. 2010) (alterations in original) (quoting *Rosales-Garcia v. Holland*, 322 F.3d 386, 396 (6th Cir. 2003) (en banc)). While having been applied in abortion cases, this exception would not apply based on the facts and the legal issues in the present case for the reasons discussed above. *See Roe*, 410 U.S. at 125 ("Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be 'capable of repetition, yet evading review.'" (quoting *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911)).

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (quoting *Grover*, 33 F.3d at 718). The Sixth Circuit has instructed trial courts to consider certain factors in determining whether such a dismissal would cause the defendant plain legal prejudice: "(1) the defendant's effort and expense in litigation; (2) excessive delay or lack of diligence from plaintiffs; (3) insufficient explanation for the dismissal request; and (4) whether the defendant filed a motion for summary judgment." *Id.* (citing *Grover*, 33 F.3d at 718). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir 2007)); *see also Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (noting these factors "are neither exhaustive nor conclusive." (citing *Malibu Media, LLC*, 705 F. App'x at 407)).

In arguing for the imposition of prejudice, Cameron relies on, *inter alia*, the age of this case, the prior appeal, and his pending motion for summary judgment. (Intervenor-Def.'s Combined Resp. 9-12). As noted above, abortion jurisprudence has dramatically changed during the pendency of this action, and the duration of this litigation is not the fault of any party. In addition, Plaintiffs and Intervenor-Plaintiff have provided the Court with sufficient reasons for dismissal at this juncture due to mootness, as discussed above. In the absence of subject matter jurisdiction, the Court cannot adjudicate Cameron's summary judgment motion or grant the relief requested by Plaintiffs or Intervenor-Plaintiff.

As the Sixth Circuit has noted, "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*,

427 F.3d 351, 356 (6th Cir. 2005); see also *Ernst*, 427 F.3d at 367 ("Our cases, too, recognize that dismissals for lack of jurisdiction should generally be made without prejudice." (citing *Bauer v. RBX Indus., Inc.*, 368 F.3d 569, 581 (6th Cir. 2004); *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001))). In rare situations, a case may be dismissed with prejudice "as a sanction for misconduct," but the record does not support such a finding in this case. *See Revere*, 406 F. App'x at 937. In light of the drastically different legal landscape of the laws governing the abortion issues in this case from 2017 until today, the Court finds that it is proper to dismiss this matter without prejudice.

    **B.**    **Remaining Motions (DN 224, 254)**

Because the Court lacks jurisdiction over this dispute, all remaining motions will be denied as moot.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

    1.    Plaintiffs' and Intervenor-Plaintiff's Motion to Dismiss (DN 253) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

    2.    Intervenor-Defendant's Motion for Summary Judgment (DN 224) and Plaintiffs' and Intervenor-Plaintiff's Motion to Hold In Abeyance (DN 254) are **DENIED AS MOOT**.

    3.    The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

December 14, 2023

cc:    counsel of record